```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA         :

     - v. -                      :      ORDER

BORIS YUSUPOV,                   :      S4 11 Cr. 614 (VM)

              Defendant.         :
- - - - - - - - - - - - - - - - - x
```

WHEREAS, with defendant BORIS YUSUPOV's consent, his guilty plea allocution was taken before United States Magistrate Judge Michael H. Dolinger on March 21, 2013;

WHEREAS a transcript of the allocution was made and thereafter was transmitted to the District Court; and

WHEREAS, upon review of that transcript, this Court has determined that the defendant entered the guilty plea knowingly and voluntarily, and that there was a factual basis for the guilty plea;

IT IS HEREBY ORDERED that the defendant's guilty plea is accepted.

Dated: New York, New York
       April 22, 2013

                                        _____
                                        HON. VICTOR MARRERO
                                        United States District Judge
                                        Southern District of New York

1

D3LVYUSP                          Plea

```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x
 3   UNITED STATES OF AMERICA,
 4              v.                            11 CR 614 (VM)
 5   BORIS YUSUPOV,
 6              Defendant.
 7   ------------------------------x
 8                                            New York, N.Y.
                                              March 21, 2013
 9                                            11:28 a.m.
10   Before:
11
                    HON. MICHAEL H. DOLINGER,
12
                                        Magistrate Judge
13
14                       APPEARANCES
15
     PREET BHARARA,
16        United States Attorney for the
          Southern District of New York
17   JONATHAN COHEN
          Assistant United States Attorney
18
     LOUIS R. AIDALA
19        Attorney for Defendant
20
21
22
23
24
25
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

```
D3LVYUSP                    Plea
```
                                                                      2

1           (In open court)
2           THE DEPUTY CLERK:  United States v. Boris Yusupov.
3           Counsel, state your name for the record.
4           MR. COHEN:  Jon Cohen on behalf of the government.
5      Good afternoon, your Honor.
6           MR. AIDALA:  No, it's good morning, your Honor.
7           MR. COHEN:  Still morning.
8           MR. AIDALA:  Louis R. Aidala, A-I-D-A-L-A, for
9      Mr. Yusupov, who's alongside of me.
10          THE COURT:  Let me just clarify one thing.
11          The plea agreement refers to the charge as being
12     aiding and abetting; is that, in fact, the case?  Because the
13     text of the information doesn't seem to say that, although it
14     does cite Section 2.
15          MR. COHEN:  Yeah, it cites Section 2.  It's an aiding
16     and abetting theory, your Honor.
17          THE COURT:  Okay.  Am I also correct that, if
18     convicted on the charge, the defendant would face up to six
19     months in prison, up to one year of supervised release, a fine
20     of $3,000, and a $10 special assessment?
21          MR. COHEN:  That's correct, your Honor.
22          THE COURT:  Okay.  Mr. Yusupov, the fourth superseding
23     information in this case charges you with a violation of the
24     U.S. immigration laws.  Ordinarily, when a defendant enters a
25     plea to a charge such as this, he will do so before a United

1  States District Judge, who will also conduct the required
2  question-and-answer session that accompanies the plea.
3  However, with the consent of the defendant, United States
4  Magistrate Judges, of whom I'm one, also have the authority to
5  take a plea in a case such as this.
6          If you would consent to enter your plea before a
7  magistrate judge, you'd receive all the same protections as you
8  would have before a district judge. Do you understand that?
9          THE DEFENDANT: Yes.
10         THE COURT: Is it your wish at this time to enter a
11 plea before a magistrate judge?
12         THE DEFENDANT: Yes, sir.
13         THE COURT: Is this your signature on the consent
14 form?
15         THE DEFENDANT: That's affirmative.
16         THE COURT: Now, before I take your plea, I have to
17 ask you some questions and, therefore, I need to put you under
18 oath.
19         (Defendant sworn)
20         THE COURT: Would you please state your full name.
21         THE DEFENDANT: My name is Boris, last name is
22 Yusupov.
23         THE COURT: What is your age?
24         THE DEFENDANT: 37 years at the time.
25         THE COURT: What is the extent of your formal

```
D3LVYUSP                          Plea
```

1  education?
2          THE DEFENDANT: Master degree in the Soviet, bachelor
3  equivalent to here.
4          THE COURT: Are you now or have you recently been
5  under the care of a doctor or psychiatrist for any reason?
6          THE DEFENDANT: No.
7          THE COURT: Are you currently under any medication?
8          THE DEFENDANT: No.
9          THE COURT: Are you at this time under the influence
10 of any mind-altering drugs or alcoholic drinks?
11         THE DEFENDANT: Negative.
12         THE COURT: Have you been able to understand pretty
13 much everything that's been said to you so far today?
14         THE DEFENDANT: Yes.
15         THE COURT: Have you received a copy of the fourth
16 superseding information?
17         THE DEFENDANT: Yes, sir.
18         THE COURT: Have you read it or do you want me to read
19 it to you?
20         THE DEFENDANT: I have been.
21         THE COURT: Do you understand what it says you did?
22         THE DEFENDANT: Yes.
23         THE COURT: Have you had an opportunity to discuss
24 this charge and how you wish to plead today with your attorney?
25         THE DEFENDANT: Yes, I did, sir.

D3LVYUSP                Plea

1    THE COURT: Are you satisfied with your attorney?
2    THE DEFENDANT: Yes.
3    THE COURT: Are you ready at this time to enter a plea
4  to the charge?
5    THE DEFENDANT: Yes, sir.
6    THE COURT: Bearing in mind that the information
7  charges you in substance with aiding and abetting a practice of
8  hiring undocumented aliens for employment purposes, how do you
9  plead to this charge, guilty or not guilty?
10   THE DEFENDANT: Guilty, your Honor.
11   THE COURT: Because you're proposing to enter a guilty
12 plea, I have to ask you some additional questions. My purpose
13 in doing so is to ensure that you understand the consequences
14 of pleading guilty, and also to be certain that your plea is,
15 in fact, voluntary.
16       First of all, I want you to understand that, if
17 convicted on this charge, you could face a potential maximum
18 penalty that would involve a prison term of as long as six
19 months, a term of supervised release of as long as one year, a
20 fine of up to $3,000 for each alien hired, and a mandatory
21 special assessment of $10.
22       Do you understand that?
23   THE DEFENDANT: Yes, sir.
24   THE COURT: Do you also understand that if as part of
25 your sentence you were placed on supervised release and you

1  violate any of the conditions of that release, your supervised
2  release term could be revoked, and you could face an additional
3  term of imprisonment?
4          Do you understand that?
5          THE DEFENDANT:  Yes, sir.
6          THE COURT:  Are you a United States citizen?
7          THE DEFENDANT:  Yes, sir.
8          THE COURT:  Do you understand that you have a right to
9  plead not guilty to this charge and a right to a trial?
10         THE DEFENDANT:  I understand, sir.
11         THE COURT:  Do you understand that if you decided to
12 plead not guilty and went to trial, the burden would be on the
13 government to prove your guilt beyond a reasonable doubt?
14         THE DEFENDANT:  Yes.
15         THE COURT:  Do you understand that at such a trial,
16 you would be presumed innocent unless and until the government
17 proved your guilt beyond a reasonable doubt?
18         THE DEFENDANT:  I understand, sir.
19         THE COURT:  You understand that at such a trial, you
20 would be entitled to be represented by a lawyer at all stages,
21 and if you could not afford to hire one, the services of an
22 attorney would be provided without charge?
23         THE DEFENDANT:  Yes.
24         THE COURT:  Do you understand that at such a trial,
25 you would be entitled, through your lawyer, to cross-examine

D3LVYUSP                        Plea

any witnesses called by the government to testify against you?
    THE DEFENDANT:  Yes, sir.
    THE COURT:  Do you understand also that at such a trial, you would be entitled to call witnesses to testify on your behalf?
    THE DEFENDANT:  Yes, I'm aware of that.
    THE COURT:  Do you understand also that at such a trial, you would be entitled to use the authority of the Court through the issuance of subpoenas to compel witnesses to come to court to testify for you?
    THE DEFENDANT:  Yes, I understand that.
    THE COURT:  Do you understand also that at such a trial, you would be entitled, if you wished, to testify on your own behalf?
    THE DEFENDANT:  I know that, sir.
    THE COURT:  Do you understand also that at such a trial, you would not be required to incriminate yourself, that is, you would not be required to testify against yourself?
    THE DEFENDANT:  Yes.
    THE COURT:  Do you understand that by pleading guilty, you're giving up all of these protections, including a trial, and the only remaining step will be the imposition of sentence?
    THE DEFENDANT:  I understand it, sir.
    THE COURT:  Do you understand the nature of the charge to which you're pleading guilty?

```
D3LVYUSP                    Plea
```

1           THE DEFENDANT:  Yes.

2           THE COURT:  You understand the range of penalties to
3  which you are at least potentially subjecting yourself by
4  pleading guilty?

5           THE DEFENDANT:  Yes, your Honor.

6           THE COURT:  You understand also that if any of the
7  answers you give to me today prove to have been untruthful, you
8  could face a separate prosecution for perjury?

9           THE DEFENDANT:  Yes.

10          THE COURT:  Do you still wish to plead guilty?

11          THE DEFENDANT:  Yes, your Honor.

12          THE COURT:  Have any threats been made to influence
13 how you plead today?

14          THE DEFENDANT:  No.

15          THE COURT:  I have received a copy of a letter dated
16 March 1, 2013 which was sent from United States --

17          MR. AIDALA:  Judge, can I ask --

18          (Pause)

19          MR. AIDALA:  Judge, I'll tell you what.  When the
20 prosecutor brought in the plea agreements, apparently there was
21 one dated February 27th.  And I guess when he redid it, and I
22 know he sent to me one dated March 1st, but this morning we
23 have February 27th, but the one you have, which is the
24 original, I guess, is March 1st.  I think they both contain the
25 exact same language, but so that there's no confusion, I don't

D3LVYUSP                Plea

1   know whether that was the only March 1st one.
2           THE COURT:  Is there a signed plea agreement?
3           MR. COHEN:  There's a signed plea agreement.  I
4   believe what happened, your Honor, on one of them it has March
5   1st as the date, because of an update on the software that has
6   automatic updating.
7           THE COURT:  Which is the one that was signed?
8           MR. COHEN:  All three have been signed by all parties.
9   Your Honor can proceed on that copy or on these copies.
10          MR. AIDALA:  The copy I have is the February 27th
11  copy.
12          THE COURT:  Is the signed March 1 plea agreement the
13  same as the March 1 plea agreement that has been handed up to
14  me?
15          MR. COHEN:  Yes, your Honor.
16          If your Honor would like to give the defendant a
17  moment to look at that precise agreement.
18          THE COURT:  Certainly.
19          MR. AIDALA:  The question is is the one February 27th
20  that the prosecutor has and I have the same as the March 1st
21  one that you have.
22          THE COURT:  Mine is unsigned, by the way.
23          MR. COHEN:  Oh, so perhaps this was the one that -- I
24  see.
25          MR. AIDALA:  That's the one that was emailed

```
D3LVYUSP                    Plea
```

1   apparently by the prosecutor.
2           MR. COHEN:  So, Judge, you do have a signed one up
3   there.  This is a different copy.
4           THE COURT:  There is one I have, which is signed and
5   it's dated February 27.
6           MR. AIDALA:  That's the one that's been executed,
7   Judge.
8           MR. COHEN:  That's the one that's been executed, your
9   Honor.
10          THE COURT:  Okay.  Let me ask, while we're discussing
11  this, do the guidelines apply in this case?
12          MR. COHEN:  It does not, your Honor, because this is a
13  Class B misdemeanor.
14          THE COURT:  Okay.
15          As I was, I think, saying before, Mr. Yusupov, I have
16  received what appears to be a plea agreement in the form of a
17  letter dated February 27, 2013.  Apart from what is contained
18  in this letter, have any promises been made to you as to the
19  sentence that you will receive in this case?
20          THE DEFENDANT:  Say it again please.
21          THE COURT:  Putting aside what's in this February 27
22  letter, which is apparently a plea agreement, have you been
23  promised a particular sentence in this case?
24          THE DEFENDANT:  No.
25          THE COURT:  You understand that the decision as to the

Case 1:11-cr-00614-MHD   Document 229   Filed 04/22/13   Page 12 of 18

11
D3LVYUSP                Plea

1   appropriate sentence will be entirely up to the trial judge,
2   Judge Marrero?
3           THE DEFENDANT:  Yes, sir, I know that.
4           THE COURT:  You understand also that even if you're
5   shocked and disappointed at the sentence that you receive from
6   Judge Marrero, you will still be bound by your guilty plea?
7           THE DEFENDANT:  Yes.
8           THE COURT:  Did you sign this plea agreement?
9           THE DEFENDANT:  Yes.
10          THE COURT:  Before you signed it, did you discuss it
11  with your attorney?
12          THE DEFENDANT:  Yes, I did.
13          THE COURT:  Did he explain to you all of its terms and
14  conditions?
15          THE DEFENDANT:  He did.
16          THE COURT:  Now, I note that as part of the plea
17  agreement, there is a provision that you will be giving up your
18  right to appeal from your conviction and sentence, provided the
19  sentence is not longer than the statutory maximum of six
20  months.  Do you understand that?
21          THE DEFENDANT:  Yes.
22          THE COURT:  Do you also understand that as part of
23  this plea agreement, even if it turns out that the government
24  has improperly withheld from your attorney information that
25  would have been helpful to him in defending you at trial,

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

D3LVYUSP                    Plea

1    you're giving up your right to complain about that form of
2    government misconduct?
3            Do you understand that?
4            THE DEFENDANT:  Yes, I understand, sir.
5            THE COURT:  Is your plea voluntary and made of your
6    own free will?
7            THE DEFENDANT:  Yes.
8            THE COURT:  Did you, in fact, commit the crime that is
9    charged in the information?
10           THE DEFENDANT:  Say it again please.
11           THE COURT:  Did you commit the crime that is charged
12   in the information?
13           THE DEFENDANT:  Yes.
14           THE COURT:  Now, before I ask Mr. Yusupov to specify
15   his conduct, I will ask the government briefly to summarize the
16   elements that it would have to establish at trial to sustain
17   this charge.
18           MR. COHEN:  Of course, your Honor.
19           To sustain a charge of aiding and abetting violations
20   of Title 8, Section 1324a(a) and 1324a(f), the government would
21   have to prove that the defendant aided and abetted an
22   individual who was engaged in a pattern of hiring illegal
23   aliens, a pattern and practice of hiring illegal aliens; and
24   that the defendant knew that they were illegal aliens; and that
25   that individual did.

```
D3LVYUSP                   Plea
```

1    MR. AIDALA:  Judge, if I may add something.

2    I notice there's a waiver of venue.  Now, that's been

3 done on the basis of the representation by the government that

4 with respect to the original indictment, if he would go to

5 trial, that they would have no problem in establishing venue

6 within the confines of the Southern District of New York.  And

7 based on that representation, we waive any venue with respect

8 to the information.

9    MR. COHEN:  That's absolutely correct, your Honor.

10   THE COURT:  Okay.

11   MR. AIDALA:  The other representation was made is that

12 to the best of the knowledge of the prosecution, there's no

13 pending investigation or any pending indictment as to

14 Mr. Yusupov.  Of course, if the State of Kansas intends to

15 indict him for purloining Dorothy's ruby red slippers, that is

16 not binding on the Southern District of New York.

17   THE COURT:  Okay.

18   MR. COHEN:  Judge, may I -- Mr. Aidala has asked me to

19 make that representation.  I do want to make clear that this

20 plea agreement does not bind other districts at all.  The

21 representation I'm willing to make is that I don't know of any

22 other investigations into Mr. Yusupov.

23   THE COURT:  And I take it that's a sufficient

24 representation for the defendant to be entering his plea now;

25 is that correct, Mr. Aidala?

```
                                                              14
D3LVYUSP                      Plea
```

1              MR. AIDALA:  Yes.

2              THE COURT:  Okay.  Now, Mr. Yusupov, can you tell us

3   in your own words what it is that you did that forms the basis

4   for the charge to which you're now pleading guilty.

5              THE DEFENDANT:  In the year of 2010 and '11, I helped

6   to transport unauthorized aliens who were hired by another

7   person, and to work at the clubs.  And I knew that they were

8   unauthorized to do so.

9              THE COURT:  You knew that at the time?

10             THE DEFENDANT:  Say it again?

11             THE COURT:  You knew that at the time that they were

12  unauthorized --

13             THE DEFENDANT:  Yes.

14             THE COURT:  -- aliens?

15             And when you say you helped to transport them, that

16  was to transport them to the location where they were to be

17  employed; is that correct?

18             THE DEFENDANT:  Yes.

19             THE COURT:  Are there any other questions that I

20  should ask the defendant at this time?

21             MR. COHEN:  No, your Honor.

22             THE COURT:  Do either of you know of any reason why

23  the plea should not be accepted?

24             MR. AIDALA:  No, your Honor.

25             MR. COHEN:  No, your Honor.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

```
D3LVYUSP                    Plea
```

1        THE COURT: I'm satisfied that Mr. Yusupov understands
2   the nature of the charge to which he's pleading guilty, and
3   that he understands the consequences of his guilty plea. I'm
4   also satisfied that his plea is voluntary, and that there is a
5   factual basis for it. I'm therefore recommending that Judge
6   Marrero accept the proffered plea.
7        I assume the government will order the transcript of
8   today's proceeding and submit it together with any other
9   paperwork to Judge Marrero so that he may act on this
10  recommendation.
11       MR. COHEN: Yes. The government has already ordered a
12  transcript with the court reporter. Thank you.
13       THE COURT: Very well.
14       Anything else on this matter?
15       MR. COHEN: Not from the government, your Honor.
16       MR. AIDALA: No, your Honor.
17       THE COURT: Thank you.
18       MR. COHEN: Judge, actually, one more thing.
19       How would you like us to proceed with regard to the
20  sentencing date before Judge Marrero, that I should just call
21  chambers and pick one or would you prefer to set a control
22  date?
23       THE COURT: No, you should contact Judge Marrero's
24  chambers. And I have no doubt that they will give you an
25  appropriate date.

16

```
D3LVYUSP                    Plea
```

1           MR. COHEN:  Okay.  Thank you, your Honor.

2           THE COURT:  Thank you.

3           MR. AIDALA:  Judge, I don't know if you mark it that

4    I'll be present when he's interviewed by probation.

5           THE COURT:  Okay.  Fine.

6                          *    *    *

(212) 805-0300



U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*

*One Saint Andrew's Plaza*
*New York, New York 10007*

April 22, 2013

**BY HAND AND BY ELECTRONIC MAIL**
The Honorable Victor Marrero
United States District Judge
United States District Court for the
    Southern District of New York
Daniel Patrick Moynihan
    United States Courthouse
500 Pearl Street, Chambers 1040
New York, New York 10007

> Re:   United States v. Boris Yusupov,
>       S4 11 Cr. 614 (VM)

Dear Judge Marrero:

      Defendant Boris Yusupov entered a guilty plea on March 21, 2013 before United States Magistrate Judge Michael H. Dolinger. The Government respectfully requests that the Court accept Yusupov's guilty plea. Enclosed please find a transcript of the proceedings and a proposed Order accepting the plea. Sentencing is currently scheduled for July 19, 2013, at 2:00 p.m.

> Respectfully submitted,
>
> PREET BHARARA
> United States Attorney
> Southern District of New York
>
> By:   \_\_\_\_\_/s/_____
>       Jonathan Cohen/Michael Ferrara
>       Assistant U.S. Attorneys
>       212-637-2408/-2526

Enclosures
Cc: Louis Aidala, Esq.